UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOTI BURTZOS, et al.,<br><br>                              Plaintiffs,<br>    v.<br>COUNTRYWIDE HOME LOANS,<br><br>                              Defendant. | CASE NO: 09-CV-2027W (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 12]** |

On September 16, 2009, Plaintiffs Foti Burtzos and Belinda Burtzos, filed this lawsuit against Defendant Countrywide Home Loans. On January 15, 2010, Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have opposed the motion.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

I.   **BACKGROUND**

In April 2006, Plaintiffs obtained two mortgage loans from Defendant to refinance real property located at 319 Highland Oaks Courts, Fallbrook, California. (*Not. of*

*Removal* (NOR) [Doc. 1[1]] at 8-9; see also *Mt. to Dismiss* (MTD) [Doc. 12-1] at 6.) In December 2008, Plaintiffs began having difficulty making payments and approached Defendant requesting to modify the loans. Defendant declined to modify the loans, and on May 7, 2009, Defendant served Plaintiffs with a "Notice of Default And Election to Sell Under Deed of Trust." (*Jud. Not. for MTD* [Doc. 12-2] at 62.)

On April 17, 2009, Defendant entered into a Servicer Participation Agreement ("Servicer Agreement") with the U.S. Treasury Department as part of the *Home Affordable Modification Program*. (*MTD* at 6:15; see also *NOR* at 9:16) On August 28, 2009, Plaintiffs filed a civil action in the Superior Court of California (Case No. 37-2009-00097163-CU-BC-CTL) alleging that Defendant—in refusing to modify the loans—has breached the terms of the Servicer Agreement and that Plaintiffs pray for damages as intended third-party beneficiaries.

On September 16, 2009, Defendant removed the case to this Court based upon federal question jurisdiction. On January 15, 2010, Defendant moved to dismiss.

## II.  LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

---

[1] All docket references refer to Case No. 09-CV-2027W (WMc)

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. Courts may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986); *abrogated on other grounds by* Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

### III.   DISCUSSION

Plaintiffs attempt to sue on the Servicer Agreement as third-party beneficiaries. Defendant argues that Plaintiffs lack standing to sue because they are not intended third-party beneficiaries as defined by the Ninth Circuit. For the following reasons, the Court agrees.

In Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir. 1999), the Ninth Circuit held that "the intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended by the parties to benefit from the contract." Id. at 1211. In order to ascertain such an intent, the Court must ask whether the beneficiaries would be "reasonable in relying on the

promise as manifesting an intention to confer a right on him or her." Id. Furthermore, the Ninth Circuit cautions, "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." Id.

In the present case, the Servicer Agreement was entered into, in part, for the benefit of qualified borrowers. However, qualified borrowers—including Plaintiffs—cannot reasonably rely on a manifested intention to confer a right upon them because the Servicer Agreement does not *require* Defendant to modify eligible loans. See Escobedo v. Countrywide Home Loans, Inc., No. 09cv1557BTM, 2009 WL 4981618, *3 (S.D.Cal. Dec. 19, 2009). The guidelines set forth within the agreement state: "Participating servicers are required to *consider* all eligible loans under the program guidelines." (NOR at 44 (emphasis added).) Nowhere does it state that Defendant must modify all mortgages that meet the eligibility requirements. Thus, borrowers such as the Plaintiffs are incidental, but not intended, beneficiaries and, therefore, lack standing to sue for an alleged breach of the Servicer Agreement. Escobedo, 2009 WL 4981618 at 3.

**IV.   CONCLUSION AND ORDER**

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss. (Doc. 12). Because the Court finds Plaintiffs lack standing to sue under the Servicer Agreement, leave to amend in not warranted in this case.[2]

**IT IS SO ORDERED.**

DATED: June 1, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

---

[2] The Court recognizes that Plaintiffs requested leave to amend, however, they failed to explain how an amended complaint would remedy their current lack of standing.